UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:
Stephen J. Hatch,

        Debtor,

_____/

Case No. 17-00027-jwb
Chapter 7
Filed: January 4, 2017

HATCH/HEINRICHS VICTIMS RECOVERY
FUND, LLC, an Arizona limited liability company, as
assignee for the parties listed on Exhibit 1.,

        Plaintiff,

v

STEPHEN JAMES HATCH, an individual,

        Debtor/Defendant.

_____/

Adv. Case No. 17-80054-jwb
Hon. James W. Boyd

| | |
|---|---|
| Warner Norcross & Judd, LLP<br>Gordon J. Toering (P46409)<br>Emily S. Rucker (P79228)<br>Attorneys for Plaintiff<br>900 Fifth Third Center<br>111 Lyon Street, NW<br>Grand Rapids, MI 49503<br>(616) 752-2000<br><br>Moyes Selles & Hendricks, LTD<br>Lead Counsel for Plaintiff<br>1850 N. Central Avenue, Suite 1100<br>Phoenix, AZ 85004-4541<br>(602) 604-2120 | Bare & Clough, P.C.<br>Paul Bare (P26843)<br>Carroll Clough (P68204)<br>Attorneys for Debtor/Defendant<br>3281 Racquet Club Dr., Suite C<br>Traverse City, MI 49684<br>lawofficecourtdocs@gmail.com<br>(231) 946-4901 |

## 1st AMENDED ANSWER TO AMENDED COMPLAINT
## TO DETERMINE DISCHARGEABILITY OF DEBT

**NOW COMES** Debtor/Defendant, Stephen J. Hatch, (hereinafter referred to as "Debtor/Defendant"), through his Attorney, Paul Bare, of Bare & Clough, P.C., and responds to the Amended Complaint To Determine Dischargeability of Debt as follows:

## JURISDICTION AND VENUE

1. As to the allegations contained in paragraph 1, the Debtor/Defendant admits the same.
2. As to the allegations contained in paragraph 2, the Debtor/Defendant admits the same.
3. As to the allegations contained in paragraph 3, the Debtor/Defendant admits the same.
4. As to the allegations contained in paragraph 4, the Debtor/Defendant admits that Plaintiff is the assignee of claims as described but denies that he engaged in a fraudulent scheme.
5. As to the allegations contained in paragraph 5, no answer necessary.
6. As to the allegations contained in paragraph 6, the Debtor/Defendant admits the same.
7. As to the allegations contained in paragraph 7, the Debtor/Defendant admits the same.
8. As to the allegations contained in paragraph 8, the Debtor/Defendant admits the same.
9. As to the allegations contained in paragraph 9, no answer necessary.

## GENERAL ALLEGATIONS

### The Parties

10. As to the allegations contained in paragraph 10, the Debtor/Defendant denies that he engaged in unlawful or fraudulent conduct. The Debtor/Defendant admits that he entered into a plea bargain agreement to resolve a criminal charge and does not deny that the restitution award in that matter is non-dischargeable in bankruptcy.
11. As to the allegations contained in paragraph 11, no answer necessary.
12. As to the allegations contained in paragraph 12, the Debtor/Defendant denies that he engaged in a fraudulent scheme.
13. As to the allegations contained in paragraph 13, the Debtor/Defendant denies that he engaged in a fraudulent scheme.

14. As to the allegations contained in paragraph 14, the Debtor/Defendant denies that the amount due is the amount stated. The Plaintiff still owns valuable property. Some property was sold very cheaply and another (ER 15) was given away.

### The Fraudulent Scheme

15. As to the allegations contained in paragraph 15, the Debtor/Defendant denies that he engaged in a fraudulent scheme. The allegations against his family are false.
16. As to the allegations contained in paragraph 16, the Debtor/Defendant denies that he made any material representations to investors.
17. As to the allegations contained in paragraph 17, the Debtor/Defendant affirmatively states that Heinrichs would have made any representations referred to in the paragraph, not the Debtor/Defendant or his family.
18. As to the allegations contained in paragraph 18, the Debtor/Defendant denies that his family was involved in the various investment entities. The Debtor/Defendant's Attorney did not receive notes from Debtor/Defendant on this paragraph of the Complaint as well as several other paragraphs prior to paragraph #59. Debtor/Defendant's Attorney assumes that the Department of Corrections is forwarding this information to his office and the information will be added to the Answer and filed with the Court as soon as it is received.
19. As to the allegations contained in paragraph 19, the Debtor/Defendant denies that he made any material representations to investors or that his family was involved in any misconduct.
20. As to the allegations contained in paragraph 20, the Debtor/Defendant denies that Heinrichs acted on his behalf when soliciting investors. The Debtor/Defendant's roll in the business was to locate property that would be suitable for an investment. Heinrichs was responsible for soliciting investors and was the Director of Investor Relations.
21. As to the allegations contained in paragraph 21, the Debtor/Defendant denies that Heinrichs acted on his behalf. The Debtor/Defendant is unaware of what representations Heinrichs made to investors.
22. As to the allegations contained in paragraph 22, the Debtor/Defendant denies that he made the statements referred to in this paragraph. The Debtor/Defendant is unaware of what representations Heinrichs made to investors.

23. As to the allegations contained in paragraph 23, the Debtor/Defendant denies that he made the statements referred to in this paragraph. The Debtor/Defendant is unaware of what representations Heinrichs made to investors.
24. As to the allegations contained in paragraph 24, the Debtor/Defendant denies that Heinrichs or his father acted on his behalf.
25. As to the allegations contained in paragraph 25, the Debtor/Defendant denies that Heinrichs or his father acted on his behalf.
26. As to the allegations contained in paragraph 26, the Debtor/Defendant denies that he engaged in any misconduct
27. As to the allegations contained in paragraph 27, the Debtor/Defendant denies that he engaged in any misconduct.
28. As to the allegations contained in paragraph 28, the Debtor/Defendant denies that his family engaged in any misconduct. As to the representations made by Heinrichs, the Debtor/Defendant is not responsible for those actions.

29. As to the allegations contained in paragraph 29, the Debtor/Defendant affirmatively states that the failure to file Deeds of Trust for each loan on each property was due to Heinrichs' failure to perform his job responsibilities.

## Misrepresentations and Omissions Regarding the Nature of the Enterprise

30. As to the allegations contained in paragraph 30, the Debtor/Defendant denies as untrue. Any such representations were made by Heinrichs on his own behalf.
31. As to the allegations contained in paragraph 31, the Debtor/Defendant denies as untrue. The finances were managed by Heinrichs and Mike Woodall.

32. As to the allegations contained in paragraph 32, the Debtor/Defendant denies as untrue. Any such representation would have been made by Heinrichs.

33. As to the allegations contained in paragraph 33, the Debtor/Defendant denies as untrue. Any such representation would have been made by Heinrichs. Heinrichs did not speak on behalf of the Debtor/Defendant or his family.
34. As to the allegations contained in paragraph 34, the Debtor/Defendant denies as untrue. Any such representation would have been made by Heinrichs. Heinrichs did not speak on behalf of the Debtor/Defendant or his family.

35. As to the allegations contained in paragraph 35, the Debtor/Defendant denies as untrue. Any such representation would have been made by Heinrichs. Heinrichs did not speak on behalf of the Debtor/Defendant or his family.
36. As to the allegations contained in paragraph 36, the Debtor/Defendant denies as untrue. Any such representation would have been made by Heinrichs. Heinrichs did not speak on behalf of the Debtor/Defendant or his family.
37. As to the allegations contained in paragraph 37, the Debtor/Defendant denies as untrue.
38. As to the allegations contained in paragraph 38, the only reports that came from the Debtor/Defendant to the investors were when a property was sold. The Debtor/Defendant would then provide a complete package to the investors. Prior to an actual sale, Heinrichs dealt with investor issues on his own behalf.
39. As to the allegations contained in paragraph 39, the Debtor/Defendant admits that he may have communicated some of this information to some investors.
40. As to the allegations contained in paragraph 40, the Debtor/Defendant does admit that defaults did take place. The Debtor/Defendant does not feel that the defaults were handled properly.
41. As to the allegations contained in paragraph 41, the Debtor/Defendant denies as untrue. As stated in response to numerous other allegations, Heinrichs was in charge of investor relations and communicated with investors on his own behalf.
42. As to the allegations contained in paragraph 42, the Debtor/Defendant and his family have not had access to the records of the business since 2014. They have been denied access to those records. Heinrichs and Woodall have control over the records of the business.
43. As to the allegations contained in paragraph 43, the Debtor/Defendant and his family have not had access to the records of the business since 2014. They have been denied access to those records. Heinrichs and Woodall have control over the records of the business.
44. As to the allegations contained in paragraph 44, no answer necessary.

### Money is Diverted to ACRES and Hatch Family Entities

45. As to the allegations contained in paragraph 45, the Debtor/Defendant denies he acted in concert with Heinrichs or that his family acted in concert with Heinrichs.

46. As to the allegations contained in paragraph 46, the Debtor/Defendant denies as untrue.
47. As to the allegations contained in paragraph 47, the Debtor/Defendant denies as untrue.
48. As to the allegations contained in paragraph 48, the Debtor/Defendant denies as untrue.
49. As to the allegations contained in paragraph 49, the Debtor/Defendant denies as untrue.
50. As to the allegations contained in paragraph 50, the Debtor/Defendant denies as untrue.
51. As to the allegations contained in paragraph 51, the Debtor/Defendant denies as untrue.
52. As to the allegations contained in paragraph 52, the Debtor/Defendant denies as untrue.
53. As to the allegations contained in paragraph 53, the Debtor/Defendant denies as untrue.
54. As to the allegations contained in paragraph 54, the matters referred to in this paragraph were handled by Heinrichs.
55. As to the allegations contained in paragraph 55, the allegations in this paragraph are general in nature. The Debtor/Defendant denies any misconduct on his part or by his family.
56. As to the allegations contained in paragraph 56, the allegations in this paragraph are general in nature. The Debtor/Defendant denies any misconduct on his part or by his family.
57. As to the allegations contained in paragraph 57, the Debtor/Defendant denies as untrue. The Debtor/Defendant and his family did not engage in a fraudulent scheme and did not make false representation to investors.
58. As to the allegations contained in paragraph 58, the Debtor/Defendant denies any misconduct on his part. Heinrichs was involved in soliciting investments and investor relations.
59. As to the allegations contained in paragraph 59, the Debtor/Defendant denies he made such promises.

60. As to the allegations contained in paragraph 60, the Debtor/Defendant denies that he provided investors portfolios that were false.
61. As to the allegations contained in paragraph 61, the Debtor/Defendant denies as untrue. Debtor/Defendant did not engage in such conduct.
62. As to the allegations contained in paragraph 62, the Debtor/Defendant denies as untrue. Debtor/Defendant did not make any misrepresentation to any investors.

## Selected Misrepresentations Made to Individual Investors
### *Misrepresentation Made to Anthony Balakian*

63. As to the allegations contained in paragraph 63, the Debtor/Defendant denies that he solicited Balakian.
64. As to the allegations contained in paragraph 64, no answer necessary.
65. As to the allegations contained in paragraph 65, the Debtor/Defendant denies that he made any promises to Balakian as set out in this paragraph.
66. As to the allegations contained in paragraph 66, the Debtor/Defendant denies that he made any such misrepresentations to Balakian.
67. As to the allegations contained in paragraph 67, the Debtor/Defendant denies that he made any such representation to Balakian.
68. As to the allegations contained in paragraph 68, the Debtor/Defendant denies that he made any such representation to Balakian.
69. As to the allegations contained in paragraph 69, the Debtor/Defendant denies that he made any such representation to Balakian.
70. As to the allegations contained in paragraph 70, the Debtor/Defendant affirmatively states as to the representation in this paragraph these were not made by him.
71. As to the allegations contained in paragraph 71, no answer necessary.

### *Misrepresentation Made to Raymond Enns*

72. As to the allegations contained in paragraph 72, the Debtor/Defendant denies that he solicited Enns.
73. As to the allegations contained in paragraph 73, the Debtor/Defendant denies that Heinrichs acted on his behalf.
74. As to the allegations contained in paragraph 74, the Debtor/Defendant denies that Heinrichs acted on his behalf.

75. As to the allegations contained in paragraph 75, the Debtor/Defendant denies that Heinrichs acted on his behalf.
76. As to the allegations contained in paragraph 76, the Debtor/Defendant denies that Heinrichs acted on his behalf.
77. As to the allegations contained in paragraph 77, the Debtor/Defendant affirmatively states that any money loaned was loaned to Heinrichs.
78. As to the allegations contained in paragraph 78, no answer necessary.
79. As to the allegations contained in paragraph 79, no answer necessary.
80. As to the allegations contained in paragraph 80, the Debtor/Defendant denies that Heinrichs acted on his behalf.
81. As to the allegations contained in paragraph 81, no answer necessary.
82. As to the allegations contained in paragraph 82, the Debtor/Defendant denies that Heinrichs acted on his behalf.
83. As to the allegations contained in paragraph 83, the Debtor/Defendant denies that Heinrichs acted on his behalf. Debtor/Defendant affirmatively states that the transaction was under the control of Heinrichs.
84. As to the allegations contained in paragraph 84, the Debtor/Defendant denies that Heinrichs acted on his behalf.
85. As to the allegations contained in paragraph 85, the Debtor/Defendant denies that he misrepresented any information.
86. As to the allegations contained in paragraph 86, the Debtor/Defendant denies that he engaged in any misconduct.
87. As to the allegations contained in paragraph 87, the Debtor/Defendant denies that Heinrichs acted on his behalf.
88. As to the allegations contained in paragraph 88, the Debtor/Defendant denies that he engaged in any misconduct.
89. As to the allegations contained in paragraph 89, the Debtor/Defendant denies that he made any false misrepresentations.

*Misrepresentations made to Ken and Wendy Baranco*

90. As to the allegations contained in paragraph 90, the Debtor/Defendant denies that Heinrichs acted on his behalf.
91. As to the allegations contained in paragraph 91, the Debtor/Defendant denies that Heinrichs acted on his behalf.

92. As to the allegations contained in paragraph 92, the Debtor/Defendant is not aware of what company the Plaintiff is referring to.
93. As to the allegations contained in paragraph 93, the Debtor/Defendant denies that he provided any false information to the Barancos.
94. As to the allegations contained in paragraph 94, the Debtor/Defendant denies he made any false representations to the Barancos.

*Misrepresentations Made to the Olsons*

95. As to the allegations contained in paragraph 95, the Debtor/Defendant denies that Heinrichs acted on his behalf.
96. As to the allegations contained in paragraph 96, the Debtor/Defendant denies that Heinrichs acted on his behalf.
97. As to the allegations contained in paragraph 97, the Debtor/Defendant denies that Heinrichs acted on his behalf.
98. As to the allegations contained in paragraph 98, the Debtor/Defendant denies that Heinrichs acted on his behalf.
99. As to the allegations contained in paragraph 99, no answer necessary.
100. As to the allegations contained in paragraph 100, the Debtor/Defendant denies that Heinrichs acted on his behalf.
101. As to the allegations contained in paragraph 101, the Debtor/Defendant denies that Heinrichs acted on his behalf.
102. As to the allegations contained in paragraph 102, no answer necessary.
103. As to the allegations contained in paragraph 103, no answer necessary.
104. As to the allegations contained in paragraph 104, no answer necessary.
105. As to the allegations contained in paragraph 105, the Debtor/Defendant admits the same.
106. As to the allegations contained in paragraph 106, no answer necessary.

*Misrepresentations Made to Michael Christman*

107. As to the allegations contained in paragraph 107, the Debtor/Defendant denies that he solicited Christman as an investor.
108. As to the allegations contained in paragraph 108, the Debtor/Defendant denies as untrue.
109. As to the allegations contained in paragraph 109, no answer is necessary.

110. As to the allegations contained in paragraph 110, the Debtor/Defendant denies that he made promises to Christman.
111. As to the allegations contained in paragraph 111, the Debtor/Defendant denies that he used any investments of Christman's for any purpose.
112. As to the allegations contained in paragraph 112, the Debtor/Defendant Affirmatively states that funds were not diverted as stated. The funds were borrowed and the Investor Relations was to file Deeds of Trust to identify collateral. The Debtor/Defendant was not involved in that process.
113. As to the allegations contained in paragraph 113, no answer necessary.

**Meridian 40, LLC**
114. As to the allegations contained in paragraph 114, no answer necessary.
115. As to the allegations contained in paragraph 115, the Debtor/Defendant denies that he made any representations to investors.
116. As to the allegations contained in paragraph 116, the Debtor/Defendant denies that he was involved in the financial aspects of this transaction.
117. As to the allegations contained in paragraph 117, the Debtor/Defendant denies any misconduct on his part.
118. As to the allegations contained in paragraph 118, no answer necessary.
119. As to the allegations contained in paragraph 119, no answer necessary.
120. As to the allegations contained in paragraph 120, Debtor/Defendant lacks information sufficient to form a belief as to the truth of this allegation.
121. As to the allegations contained in paragraph 121, the Debtor/Defendant denies as untrue.
122. As to the allegations contained in paragraph 122, Debtor/Defendant lacks information sufficient to form a belief as to the truth of this allegation.
123. As to the allegations contained in paragraph 123, the Debtor/Defendant denies that he engaged in any misconduct. The Debtor/Defendant affirmatively states that Heinrichs was in control of investors' interests.

**The Arizona Litigation**
124. As to the allegations contained in paragraph 124, no answer necessary.
125. As to the allegations contained in paragraph 125, no answer necessary.

**Debtor's Criminal Conviction**

126. As to the allegations contained in paragraph 126, no answer necessary.

127. As to the allegations contained in paragraph 127, no answer necessary.

128. As to the allegations contained in paragraph 128, no answer necessary.

129. As to the allegations contained in paragraph 129, no answer necessary.

## COUNT I
## NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A)

130. As to the allegations contained in paragraph 130, no answer necessary.

131. As to the allegations contained in paragraph 131, the Debtor/Defendant denies that he engaged in misconduct. As repeated many times in this Amended Answer the Debtor/Defendant was not involved in soliciting investors. The Debtor/Defendant admits that he used poor judgment in choosing business associates, that he has never denied that.

    a. Debtor/Defendant did not communicate with investors, Investor Relations did.

    b. Untrue except as to ACRES

    c. Denied as untrue

    d. The Debtor/Defendant affirmatively states that only some of the obligations were being paid from sale proceeds.

    e. Denied as untrue

    f. Denied as untrue

    g. Denied as untrue

132. As to the allegations contained in paragraph 132, the Debtor/Defendant denies that Heinrichs acted on his behalf.

133. As to the allegations contained in paragraph 133, the Debtor/Defendant denies that he made any false misrepresentations.

134. As to the allegations contained in paragraph 134, the Debtor/Defendant denies that he made any false misrepresentations.

135. As to the allegations contained in paragraph 135, the Debtor/Defendant denies that he or his family engaged in any fraudulent scheme.

136. As to the allegations contained in paragraph 136, the Debtor/Defendant denies untrue.

**WHEREFORE,** the Debtor/Defendant requests that Count I of the Amended Complaint be dismissed.

## COUNT II

### NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6)

137. As to the allegations contained in paragraph 137, no answer necessary.
138. As to the allegations contained in paragraph 138, the Debtor/Defendant denies that he made false misrepresentations to investors.
139. As to the allegations contained in paragraph 139, the Debtor/Defendant denies that he failed to disclose material facts to the investors.
140. As to the allegations contained in paragraph 140, the Debtor/Defendant denies that he made any misrepresentations to potential investors.
141. As to the allegations contained in paragraph 141, the Debtor/Defendant denies as untrue.
142. As to the allegations contained in paragraph 142, the Debtor/Defendant denies as untrue.
143. As to the allegations contained in paragraph 143, the Debtor/Defendant denies as untrue.
144. As to the allegations contained in paragraph 144, the Debtor/Defendant denies as untrue.

**WHEREFORE,** the Debtor/Defendant requests that Count II of the Amended Complaint be dismissed.

## COUNT III

### NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)

145. As to the allegations contained in paragraph 145, no answer necessary.
146. As to the allegations contained in paragraph 146, the Debtor/Defendant denies that he made material misrepresentations.
147. As to the allegations contained in paragraph 147, no answer necessary.
148. As to the allegations contained in paragraph 148, the Debtor/Defendant denies as untrue.
149. As to the allegations contained in paragraph 149, the Debtor/Defendant denies as untrue.
150. As to the allegations contained in paragraph 150, the Debtor/Defendant denies as untrue.

151. As to the allegations contained in paragraph 151, the Debtor/Defendant denies any damage to the Plaintiff from his actions.

**WHEREFORE,** the Debtor/Defendant requests that Count III of the Amended Complaint be dismissed.

### COUNT IV
### NON-DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(19)

152. As to the allegations contained in paragraph 152, no answer necessary.
153. As to the allegations contained in paragraph 153, no answer necessary.
154. As to the allegations contained in paragraph 154, no answer necessary.
155. As to the allegations contained in paragraph 155, the Debtor/Defendant admits the same.
156. As to the allegations contained in paragraph 156, no answer necessary.
157. As to the allegations contained in paragraph 157, the Debtor/Defendant admits that the restitution award is non-dischargeable. The Debtor/Defendant needs additional time to determine if the code section in this paragraph is applicable.
158. As to the allegations contained in paragraph 158, the Debtor/Defendant admits that the restitution award is non-dischargeable. The Debtor/Defendant needs additional time to determine if the code section in this paragraph is applicable.

**WHEREFORE,** the Debtor/Defendant does not contest that the restitution award is non-dischargeable. The Debtor/Defendant requests additional time to see if the code sections referred to are applicable.

Dated: November 14, 2017　　　　　　　　Respectfully submitted:

　　　　　　　　　　　　　　　　　　　　/s/ Paul Bare
　　　　　　　　　　　　　　　　　　　　Paul Bare (P26843)
　　　　　　　　　　　　　　　　　　　　Bare & Clough, P.C.
　　　　　　　　　　　　　　　　　　　　Attorney for Debtor/Defendant
　　　　　　　　　　　　　　　　　　　　3281 Racquet Club Dr., Suite C
　　　　　　　　　　　　　　　　　　　　Traverse City, MI 49684
　　　　　　　　　　　　　　　　　　　　lawofficecourtdocs@gmail.com
　　　　　　　　　　　　　　　　　　　　(231) 946-4901

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:
Stephen J. Hatch,

          Debtor,
_____/

Case No. 17-00027-jwb
Chapter 7
Filed: January 4, 2017

HATCH/HEINRICHS VICTIMS RECOVERY
FUND, LLC, an Arizona limited liability company, as
assignee for the parties listed on Exhibit 1.,

          Plaintiff,

v

STEPHEN JAMES HATCH, an individual,

          Debtor/Defendant.
_____/

Adv. Case No. 17-80054-jwb
Hon. James W. Boyd

## AFFIRMATIVE DEFENSES

The Debtor/Defendant, Stephen James Hatch, through his attorney, Paul Bare, raises the following Affirmative Defenses:

1. The Debtor/Defendant reserve the right to raise additional affirmative defenses at a later time.

Dated:  November 14, 2017

Respectfully submitted:

*/s/ Paul Bare*

Paul Bare (P26843)
Bare & Clough, P.C.
Attorney for Debtor/Defendant
3281 Racquet Club Dr., Suite C
Traverse City, MI  49684
lawofficecourtdocs@gmail.com
(231) 946-4901